E-FILED
Tuesday, 07 April, 2026  11:00:27 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NATALIE WASHINGTON, | ) | Case No: 26 - 3120 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **FILED** |
| | ) | |
| SPRINGFIELD PUBLIC SCHOOLS | ) | APR  7 2026 |
| DISTRICT 186, | ) | CLERK OF THE COURT |
| Defendant. | ) | U.S. DISTRICT COURT |
| | | CENTRAL DISTRICT OF ILLINOIS |

COMPLAINT

I. JURISDICTION AND VENUE

1. This action arises under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq.

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because this case presents a federal question.

3. Venue is proper in this district because the events giving rise to this claim occurred in Sangamon County, Illinois.

II. PARTIES

4. Plaintiff, Natalie Washington, is a resident of Sangamon County, Illinois.

5. Defendant, Springfield Public Schools District 186, is a public school district operating in Sangamon County, Illinois.

1

III. FACTUAL ALLEGATIONS

6. Plaintiff began employment with Defendant on or about January 13, 2025.

7. Plaintiff was initially hired for a Kindergarten Teaching Assistant substitute (KTA) position and later reassigned to a paraprofessional role.

8. Plaintiff was informed that her rate of pay would be higher than the rate she ultimately received.

9. Despite representations regarding compensation, Plaintiff was paid at a lower rate than promised.

10. Plaintiff raised concerns regarding pay discrepancies.
   a) On February 7, 2025, Plaintiff reported pay discrepancies to Defendant's Human Resources department. On February 10, 2025, Plaintiff was informed she "no longer had a job" and that she had not been properly hired, despite having already worked and been paid by the defendant.

11. Following these concerns, Plaintiff was removed from her initial position as a Kindergarten Teaching Assistant substitute and reassigned to a paraprofessional role, where she began work on February 24, 2025.
   a) The reassignment occurred within days of Plaintiff reporting pay discrepancies and was directly triggered by Plaintiff's complaint regarding her compensation.
   b) Her compensation structure in this position resulted in lower overall bi-weekly earnings.

12. Plaintiff suffered a work-related injury in April 2025 and was placed on medical restrictions.

13. Defendant was aware of Plaintiff's medical restrictions and limitations following this injury.

14. After Defendant became aware of Plaintiff's injury and medical restrictions, Plaintiff experienced changes in job placement and compensation that were not present prior to her injury.

   a) Despite being aware of Plaintiff's medical restrictions following her work-related injury, Defendant failed to engage in the required interactive process to determine reasonable accommodations, including failing to communicate with Plaintiff regarding possible adjustments or alternative assignments, and instead unilaterally altered Plaintiff's job placement and compensation. Defendant did not propose or discuss any temporary accommodations tailored to Plaintiff's medical restrictions prior to altering her job placement.

15. Plaintiff's compensation included wages that had already been earned prior to her injury, including deferred "summer pay," which Defendant later reduced, withheld, or offset while Plaintiff was on medical leave.

16. At all relevant times, Plaintiff remained willing and able to work within her medical limitations. Plaintiff's restrictions were temporary and subject to ongoing medical reevaluation, and Plaintiff remained capable of performing alternative duties within those restrictions. Defendant failed to consider or offer any light duty, administrative, or non-student-facing assignments, despite such roles existing within the school system.

17. Defendant had available positions and duties within its school system that did not require direct student contact, including administrative, clerical, and support roles. Defendant failed to assess whether Plaintiff could perform such duties within her medical restrictions and instead treated Plaintiff as unable to work without conducting any individualized assessment.

18. On June 18, 2025, Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights. Within approximately one week of that filing, and shortly after confirmation was received on June 23, 2025, Defendant reassigned Plaintiff from Laketown Elementary School to Sandburg Elementary School on June 26, 2025. This reassignment was not requested by Plaintiff and was not part of any interactive process or accommodation discussion.

3

19. Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

20. Plaintiff received a Notice of Right to Sue.

21. Plaintiff possesses documentary evidence supporting these allegations, including but not limited to internal communications, payroll records, written correspondence, and other records maintained by the Defendant.

   a) Defendant's actions, including removal from Plaintiff's initial position, reduction in compensation, reassignment to a different school, and payroll deductions, occurred in close temporal proximity to Plaintiff's complaints regarding pay, her work-related injury, and her filing of a discrimination charge.

## IV. COUNT I — DISABILITY DISCRIMINATION (ADA)

22. Plaintiff realleges and incorporates paragraphs 1–21.

23. Plaintiff is an individual with a disability within the meaning of the ADA, as her injury substantially limited one or more major life activities, including lifting, reaching, and working.

24. Defendant was aware of Plaintiff's medical condition.

25. Plaintiff was a qualified individual under the ADA, as she was able to perform the essential functions with reasonable accommodation, including temporary work restrictions and reassignment to available non-student-facing duties.

26. Defendant subjected Plaintiff to adverse employment actions, including reassignment from Laketown Elementary School to Sandburg Elementary School, which was not offered as an accommodation for Plaintiff's medical restrictions and did not address her limitations, but instead occurred following Plaintiff's protected activity and while she remained on medical leave.

4

27. Defendant failed to engage in the interactive process and failed to reasonably accommodate Plaintiff's medical restrictions, including by failing to discuss, identify, or provide any available alternative assignments, light duty positions, or modified work arrangements that would have allowed Plaintiff to continue working.

28. These actions were taken because of Plaintiff's disability and/or Defendant's perception of Plaintiff as disabled.

29. Defendant's conduct violated the ADA.

V. COUNT II — RETALIATION

30. Plaintiff realleges and incorporates paragraphs 1–29.

31. Plaintiff engaged in protected activity by:
   a. Reporting pay discrepancies and employment conditions;
   b. Filing a charge of discrimination with IDHR and the EEOC;
   c. Speaking publicly regarding employment-related concerns at a Board of Education meeting;
   d. Filing a workers' compensation claim related to a work injury, which further placed Defendant on notice of Plaintiff's medical condition and work restrictions.

32. Defendant took adverse action against Plaintiff.
   a) The adverse actions taken against Plaintiff would dissuade a reasonable employee from engaging in protected activity.
   b) Plaintiff's reassignment, reduction in pay, and continued payroll deductions occurred within days or weeks of her protected activity, establishing a causal connection between her protected activity and Defendant's actions.
   c) Defendant's actions followed a pattern of escalating adverse treatment, beginning immediately after Plaintiff's initial complaint regarding pay and continuing after her work-related injury and protected filings. These actions were inconsistent with

5

Defendant's prior treatment of Plaintiff and demonstrate a shift in behavior following Plaintiff's protected activity.

33. Defendant's adverse actions occurred shortly after Plaintiff engaged in protected activities and were causally connected to those activities.

34. Defendant's conduct constitutes unlawful retaliation.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests:

    A.  Back pay and lost wages;
    B.  Front Pay where reinstatement is not feasible;
    C.  Compensatory damages;
    D.  Costs and any allowable fees;
    E.  Any other relief the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 7, 2026

Respectfully submitted,

Natalie Washington

Plaintiff, Pro Se

225 Magnolia Dr

Springfield, IL 62702

(386)453-8054

NatalieAW95@gmail.com

6